**Hall v. Episcopal Hospital Corp.**

C.P. of Philadelphia County, May Term 2005, no. 2414.

*Charles J. Galvin* and *Tammera R. Harrelson,* for plaintiffs.

*Kurt J. Straub* and *Lori Emrick,* for defendants Episcopal Long Term Care, Episcopal Hospital Corp., and Temple University Health Systems.

*Joseph Goldberg,* for defendants Cross Country Health Care and Med-Staff.

*Richard W. Yost* and *Jessica F. Cifaldi,* for defendant Barnes.

*David L. Gordon,* for defendant Philadelphia Nursing Home.

ALLEN, *J.,* February 6, 2007—Appellants, Episcopal Hospital Corp., Episcopal Long Term Care and Temple University Health System Inc. (defendants), appeal an order dated August 4, 2006 denying defendants' motion for issue preclusion against Joan Wood Barnes.

## FACTS

Plaintiff June Hall commenced this action against the named defendants on May 17, 2005. On September 22, 2004, defendant Joan Wood Barnes was an agency nurse employed by Med-Staff Inc. Defendants' motion, ¶1. During Barnes' shift, the feeding tubes of six residents were severed, including that of the decedent. Defendants' motion, ¶5.

Barnes was accused of "knowingly, intentionally, recklessly caused/attempted to cause bodily injury to the complainant Sallie Hall, age 85, by cutting her feeding tube." See criminal complaint (09/26/04). On March 8, 2005, Barnes was tried before the Honorable Felicia Rowley Stack and found guilty. See defendants' motion, ¶14. Barnes response, ¶14. Findings of facts were not issued.

## PROCEDURAL HISTORY

On July 7, 2006, defendants filed a motion for issue preclusion against Barnes. Defendants sought to have it conclusively determined that Barnes "intentionally and surreptitiously" cut the peg tube of decedent. Defendants failed to attach a complete copy of the transcripts of the criminal proceeding. The portion presented provided only that Judge Stack found Barnes "guilty as charged."

However, the charges are in dispute. Plaintiff and defendants assert that Barnes was convicted of simple assault and neglect of a care-dependent person. However, plaintiff submitted documents which provided that Barnes was only convicted of "neglect of person." See plaintiff's response, exhibit A. According to plaintiff's documents, charges of possession of the instrument of crime, simple assault, and recklessly endangering another person were withdrawn. Defendants presented no evidence of a finding of surreptitious behavior. Accordingly, said motion was denied on August 4, 2006.

Defendants sought and were granted permission from the appellate court to appeal the court's August 4 order. A statement of matters complained of on appeal was requested on November 21, 2006 and properly tendered on November 29, 2006.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Based upon the criminal trial and guilty verdict, defendants contend that the court should have granted an order providing that, "it should be deemed established as a fact of record that on September 22, 2004, Joan Wood Barnes *intentionally and surreptitiously* cut the peg tube of plaintiff's decedent, resident Sallie Mae Hall." Defendants' proposed order. (emphasis added)

## DISCUSSION

Litigants agree that Barnes was convicted of neglect of care-dependent person. 18 Pa.C.S. §2713. Pursuant to Pennsylvania statute, a person is guilty of neglect of care-dependent person if he or she "[i]ntentionally, know-

ingly *or* recklessly" causes injury to a care-dependent for whom he or she is responsible. 18 Pa.C.S. §2713(a)(1). (emphasis added) The Commonwealth needs only to prove, and a fact-finder find, beyond a reasonable doubt that Barnes acted with intent, knowledge *or* recklessness. The use of the disjunctive term "or" is not insignificant nor an unintended happenstance.

To do as defendants suggest, a court would have to speculate as to whether the fact-finder found intent, knowledge or reckless behavior and bind a litigant based upon that speculation rather than a specific finding by a competent court. The court is troubled by this endeavor and declines defendants' invitation to broaden the doctrine of collateral estoppel/issue preclusion to include the circumstances at bar. Absent evidence of a judicial determination of the presence of intent, as opposed to knowledge or recklessness, the court rightfully declined defendants' request.

Lastly it should be noted that surreptitious is not an element of the crime charged, nor the tort sued upon herein.

## CONCLUSION

The order of August 4, 2006 should be affirmed as defendants' failed to establish that another court found Barnes to have acted "intentionally and surreptitiously".